IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02619-BNB

GERALD SENSABAUGH,

    Plaintiff,

v.

JOHN HICKENLOOPER,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Gerald Sensabaugh, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. He initiated this action by filing *pro se* on October 2, 2012, a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983, among other statutory authority, and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). Mr. Sensabaugh asks for money damages and injunctive relief.

The Court must construe Mr. Sensabaugh's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court cannot act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Sensabaugh will be ordered to file an amended complaint.

Mr. Sensabaugh alleges that on May 23, 2006, the Special Master in *Montez v.*

*Hickenlooper*, No. 92-cv-00870-CMA-OES, ordered that he be provided with "a new four-inch thick mattress or egg crate mattress." See ECF No. 1987 (Final Order of Special Master) at 6 in No. 92-cv-00870-CMA-OES. "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

Mr. Sensabaugh further alleges that he received the mattress while he was incarcerated at the Colorado State Penitentiary (CSP) in Cañon City, Colorado. He later was transferred to the correctional facility in Sterling, Colorado, where he sought to replace the worn-out mattress he received while at CSP. He complains non-medical personnel tried to replace his two-year-old, worn-out mattress with a five-year-old mattress, and later he was informed that he would receive no mattress because the one provided to him in 2006 was the only mattress to which he was entitled.

Mr. Sensabaugh contends his rights to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution have been violated because of the non-medical staff's refusal to provide him with a replacement mattress in compliance with the Special Master's May 2006 Final Order.

The instant action has brought to the Court's attention that the Special Master in *Montez* entered an order on February 11, 2013, pertinent to Mr. Sensabaugh and the claims he raises here. See ECF No. 5362 in No. 92-cv-00870-CMA-OES. The February 11 order makes clear that the Special Master in *Montez* lacks continuing jurisdiction over any *Montez* individual damages claims. *See id.* at 4. However, in the

February 11 order, the Special Master notes that each of sixteen claimants, including Mr. Sensabaugh, who received medical appliances or other items in addition to or in lieu of money damages and who remain in DOC custody or under DOC supervision, "presumably has a right to seek the assistance of the Court to ensure compliance with his Final Order." *Id.* at 4. The Special Master ordered additional briefing by March 4, 2013, by defendants in *Montez* as to the Court's continuing jurisdiction over non-damages requests to ensure compliance with each claimant's Final Order. *Id.* at 5. The Special Master also has allowed the sixteen claimants up to and including April 1, 2013, in which to respond. Mr. Sensabaugh initiated the instant action before the February 11 order, apparently in lieu of filing a motion in *Montez* to enforce or for compliance with his Final Order.

In any event, the instant action must stand on its own, separate from *Montez*, and comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. It fails to do so. Therefore, if Mr. Sensabaugh wishes to proceed in the instant action, he must file an amended complaint that complies with Fed. R. Civ. P. 8. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds

for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

In order to comply with Rule 8, Mr. Sensabaugh must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). The general rule that *pro se* pleadings must be construed liberally has limits, and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). In particular, Mr. Sensabaugh "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). At the same time, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

Mr. Sensabaugh's amended complaint must provide a clear and concise statement of the claims he is asserting. It is Mr. Sensabaugh's responsibility to present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those

claims.  Mr. Sensabaugh must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. The Court will not consider any claims raised in separate amendments, supplements, motions, or other documents that are not included in the amended complaint.

Mr. Sensabaugh must name the defendants he intends to sue in the caption of the complaint and allege facts in the text of the complaint to show each individual defendant's personal participation in a deprivation of his constitutional rights.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Sensabaugh must show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant, such as Governor John Hickenlooper, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986);  *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations he or she causes.  *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Sensabaugh may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Sensabaugh uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of

service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8.  Mr. Sensabaugh will be given an opportunity to cure the deficiencies in his complaint by submitting an amended complaint that states his claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Gerald Sensabaugh, **within thirty (30) days from the date of this order**, file an amended complaint that complies with this order.  It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that Mr. Sensabaugh shall obtain the Court-approved Prisoner  Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourt.gov.  It is

FURTHER ORDERED that, if Mr. Sensabaugh fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED March 6, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge