IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02619-BNB

GERALD SENSABAUGH,

      Plaintiff,

v.

JOHN HICKENLOOPER,

      Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AND FINAL AMENDED COMPLAINT

---

Plaintiff, Gerald Sensabaugh, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado.  He initiated this action by filing *pro se* on October 2, 2012, a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983, among other statutory authority, for money damages and injunctive relief and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).   Mr. Sensabaugh has been granted leave to proceed *in forma pauperis* pursuant to § 1915.

On March 6, 2013, the Court ordered Mr. Sensabaugh to file within thirty days an amended complaint that stood on its own without reliance on *Montez v. Hickenlooper*, No. 92-cv-00870-CMA-OES; complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure; named each individual defendant being sued in the caption of the complaint and alleged facts in the text of the complaint to show each

defendant's personal participation in the deprivation of his constitutional rights; and was on the Court-approved Prisoner Complaint form he was directed to obtain, along with the applicable instructions, with the assistance of his case manager or the prison facility's legal assistant at www.cod.uscourts.gov.  On April 5, 2013, Mr. Sensabaugh filed an amended Prisoner Complaint (ECF No. 12) not on the Court-approved Prisoner Complaint form, which he contends prison officials refused to provide him.

The Court must construe Mr. Sensabaugh's amended complaint liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Sensabaugh will be ordered to file a second and final amended complaint on the Court-approved Prisoner Complaint form, which the clerk of the Court will be directed to mail to him together with a copy of this order.

On May 23, 2006, the Special Master in *Montez* ordered that Mr. Sensabaugh be provided with "a new four-inch thick mattress or egg crate mattress," "proper fitting tennis shoes," and "be awarded the sum of $250.00."  *See* ECF No. 1987 (Final Order of Special Master) at 5-6 in No. 92-cv-00870-CMA-OES.  "[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record."  *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir.2000), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001).

The amended complaint is not clear, but the Court has done its best to understand Plaintiff's allegations.  Mr. Sensabaugh alleges he received a new  mattress

2

and tennis shoes while he was incarcerated at the Colorado State Penitentiary (CSP) in Cañon City, Colorado.  He later was transferred to the correctional facility in Sterling, Colorado, where he sought to replace the worn-out tennis shoes and mattress.  He apparently alleges that he did not receive either replacement tennis shoes or a replacement mattress, nor did he receive a response to the grievances he filed.  Since his transfer to the Colorado Territorial Correctional Facility, he does not appear to have received replacements for the worn-out tennis shoes and mattress.  He complains that he only received from the DOC $200.00 of the $250.00 he is owed under the Special Master's May 2006 Final Order.  Mr. Sensabaugh contends his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution have been violated for the failure to provide replacement tennis shoes, mattress, and the balance of $50.00 in compliance with the Special Master's Final Order.

On February 11, 2013, the Special Master in *Montez* entered an order concerning Mr. Sensabaugh and the claims he raises here.  *See* ECF No. 5362 in No. 92-cv-00870-CMA-OES.  In particular, the February 11 order of the Special Master notes that each of sixteen claimants who received medical appliances or other items in addition to or in lieu of money damages and who remain in DOC custody or under DOC supervision, including Mr. Sensabaugh, "presumably ha[ve] a right to seek the assistance of the Court to ensure compliance with his Final Order."  *Id.* at 4.  The Special Master ordered additional briefing by March 4, 2013, by defendants in *Montez* about the Court's continuing jurisdiction over non-damages requests to ensure compliance with each claimant's Final Order.  *Id.* at 5.  The Special Master also has

allowed the sixteen claimants until April 1, 2013, to respond.

Mr. Sensabaugh initiated the instant action before the February 11 order, apparently in lieu of filing a motion in *Montez* to enforce or for compliance with his Final Order.  A review of the docket in No. 92-cv-00870-CMA-OES reveals that Mr. Sensabaugh did not file any response in *Montez* prior to the April 1 deadline.  With respect to the $50.00 Mr. Sensabaugh claims he is owed, he may file a motion in the *Montez* case, alerting the Special Master that he has not yet received this payment. *See* No. 92-cv-00870 at ECF Nos. 4960 at 2-3, 5370.  With respect to any non-money damages, including claims involving the mattress and tennis shoes he contends he is due pursuant to the Final Order in *Montez*, Mr. Sensabaugh may contact class counsel to petition for relief in *Montez*.

As the Court informed Mr. Sensabaugh in the March 6 order for an amended complaint, the instant action must stand on its own, separate from *Montez*, and comply with the pleading requirements of Rule 8 of the Federal Rules of Civil  Procedure. The amended complaint fails to comply with these requirements. Therefore, if Mr. Sensabaugh wishes to proceed in the instant action, he must file a second and final amended complaint that complies with Fed. R. Civ. P. 8 as discussed below.  Mr. Sensabaugh may not raise in the instant action any claims that he could or should have raised in *Montez*.  He may only raise new claims for money damages or injunctive relief unrelated to his claims in *Montez*.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See*

4

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

In order to comply with Rule 8, Mr. Sensabaugh must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  In particular, Mr. Sensabaugh "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  At the same time, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally

sustainable basis." *Id.*

Therefore, Mr. Sensabaugh must ensure that his second and final amended complaint provides a clear and concise statement of the claims he is asserting.  It is Mr. Sensabaugh's responsibility to present his claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  Mr. Sensabaugh must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. The Court will not consider any claims raised in separate amendments, supplements, motions, or other documents that are not included in the amended complaint.

Mr. Sensabaugh fails to name any specific defendants in the caption to the amended complaint.  His vague reference to "Unknown Person(s) Employed by the State Government of Colorado" fails to provide individual names and addresses, i.e., information that is sufficient for service of the amended complaint.  In his second and final amended complaint, Mr. Sensabaugh must name the defendants he intends to sue in the caption of the complaint and allege facts in the text of the complaint to show each individual defendant's personal participation in a deprivation of his constitutional rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Sensabaugh must show how each named individual caused the deprivation of a federal right.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable

6

on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Sensabaugh may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Sensabaugh uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Sensabaugh will be given one final opportunity to cure the deficiencies in his amended complaint by submitting a second and final amended complaint on the Court-approved Prisoner Complaint form that states his constitutional claims clearly and concisely in compliance with Fed. R. Civ. P. 8, names each defendant in the caption to and text of the complaint; and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Gerald Sensabaugh, **within thirty (30) days from the date of this order**, file a second and final amended complaint that complies with this

order.  It is

FURTHER ORDERED that the second and final amended complaint shall be titled "Second and Final Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Sensabaugh, together with a copy of this order, the Court-approved Prisoner Complaint form along with the applicable instructions.  It is

FURTHER ORDERED that Mr. Sensabaugh used the Court-approved Prisoner Complaint form to submit the second and final amended complaint.  It is

FURTHER ORDERED that, if Mr. Sensabaugh fails to file a second and final amended complaint that complies with this order within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED April 16, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge