IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02619-BNB

GERALD SENSABAUGH,

    Plaintiff,

v.

UNKNOWN PERSON(S) EMPLOYED BY THE STATE GOVERNMENT OF COLORADO,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Gerald Sensabaugh, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado.  He initiated this action by filing *pro se* on October 2, 2012, a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983, among other statutory authority, for money damages and injunctive relief and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).   Mr. Sensabaugh was granted leave to proceed *in forma pauperis* pursuant to § 1915.

    On March 6, 2013, Magistrate Judge Boyd N. Boland ordered Mr. Sensabaugh to file within thirty days an amended complaint that stood on its own separate from *Montez v. Hickenlooper*, No. 92-cv-00870-CMA-OES; complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure; named each individual defendant being sued in the caption of the complaint and alleged facts in the text of the complaint

to show each defendant's personal participation in the deprivation of his constitutional rights; and was on the Court-approved Prisoner Complaint form he was directed to obtain, along with the applicable instructions, with the assistance of his case manager or the prison facility's legal assistant at www.cod.uscourts.gov. On April 5, 2013, Mr. Sensabaugh filed an amended Prisoner Complaint (ECF No. 12) not on the Court-approved Prisoner Complaint form, which he contended prison officials refused to provide him.

On April 16, 2013, Magistrate Judge Boland ordered Mr. Sensabaugh to file a second and final amended Prisoner Complaint on the Court-approved Prisoner Complaint form that complied with the pleading requirements of Fed. R. Civ. P. 8, did not raise any claims he could or should have raised in *Montez*, only raised new claims for money damages or injunctive relief unrelated to his claims in *Montez*, named each defendant in the caption to and text of the second and final amended Prisoner Complaint, provided addresses for the named defendants, and alleged specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. *See* ECF No. 13.

The April 16 order warned Mr. Sensabaugh that if he failed to file a second and final amended Prisoner Complaint as directed within the time allowed, the amended Prisoner Complaint and the action would be dismissed without prejudice and without further notice. On May 15, 2013, instead of filing the second and final amended Prisoner Complaint as directed within the time allowed, Mr. Sensabaugh appealed to the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) from the April 16 order. *See* ECF No. 15. On May 16, 2013, the Tenth Circuit ordered Mr. Sensabaugh

to show cause in writing within twenty-one days why his appeal should not be dismissed for lack of jurisdiction because he was appealing from a non-final order. See ECF No. 18.

"The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam); see *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990). However, courts of appeals generally have no jurisdiction to review district court orders until there is a "final decision" from the district court under 28 U.S.C. § 1291. *Stewart*, 915 F.2d at 574.

Mr. Sensabaugh may not appeal from the April 16 order because it is not a final order under § 1291. Furthermore, although not specifically requested by Mr. Sensabaugh, the Court will not certify the April 16 order in this action for an interlocutory appeal because the order does not involve a controlling question of law as to which there is substantial ground for difference of opinion. See 28 U.S.C. § 1292(b).

"If the notice of appeal is deficient by reason of untimeliness, lack of essential recitals, reference to a non-appealable order, or otherwise, the district court may ignore it and proceed with the case." *Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 340-41 (10th Cir. 1976). "Otherwise, a litigant could temporarily deprive a court of jurisdiction at any and every critical juncture." *Hodgson v. Mahoney*, 460 F.2d 326, 328 (1st Cir.), *cert. denied*, 409 U.S. 1039 (1972). Because Mr. Sensabaugh may not appeal from the non-final April 16 order, the Court will ignore the notice of appeal and proceed with the case.

Mr. Sensabaugh has failed, within the time allowed, to file a second and final amended Prisoner Complaint as directed.  Therefore, the amended Prisoner Complaint and the action will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Sensabaugh files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Prisoner Complaint (ECF No. 12) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Gerald Sensabaugh, within the time allowed, to comply with the order of April 16, 2013 (ECF No. 13), to file a second and final amended Prisoner Complaint.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this   23rd   day of      May         , 2013.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court